UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KAIJA HILL, aka Kay Hill,<br><br>    Defendant.<br>_____/ | No. C-11-6498 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket No. 25)** |

        Plaintiff the United States has filed suit against Defendant Kaija Hill to obtain a judgment against Ms. Hill for the outstanding debt that she allegedly owes on a student loan promissory note. The government has moved for summary judgment. Ms. Hill failed to file a written opposition to the motion. Having considered the papers submitted, the Court **GRANTS** the government's motion.

### I.    FACTUAL & PROCEDURAL BACKGROUND

        In support of its summary judgment motion, the government has submitted a declaration from Lynda Faatalale, a loan analyst for the Department of Education. In the declaration, Ms. Faatalale states that she is the custodian of records for the Education Department with respect to a direct consolidation loan obtained by Ms. Hill from the government. *See* Faatalale Decl. ¶ 2. According to Ms. Faatalale, Ms. Hill executed a single promissory note for a consolidation (refinance) of a single student loan. *See* Faatalale Decl. ¶¶ 2-3. Ms. Hill signed the note on April 15, 2002. *See* Faatalale Decl., Ex. 2 (note). The Federal Direct Consolidation Loan Verification Certificate reflects that the total payoff amount for the loan, as of April 25, 2002, was $6,887.35. *See* Faatalale Decl., Ex. 3 (certificate). However, until the date the loan proceeds were actually

disbursed, interest and collection costs continued to accrue. *See* Faatalale Decl. ¶ 5. Thus, ultimately, on May 14, 2002, when the loan proceeds were disbursed, the total payoff amount was $6,920.60. *See* Faatalale Decl. ¶ 6 & Ex. 3. Interest on the note was 8% per annum. *See* Faatalale Decl. ¶ 6 & Ex. 3.

On March 11, 2003, Ms. Hill defaulted on the loan. *See* Faatalale Decl. ¶ 7 & Ex. 3. It appears that Ms. Hill never made a single payment on the loan. *See* Faatalale Decl. ¶ 8 & Exs. 2, 4. The government never waived the debt owed by Ms. Hill, and therefore, according to Ms. Faatalale, Ms. Hill owes not only the $6,920.60 but also interest in the amount of $5,977.03 as of February 28, 2013, plus $1.52 per day until the date judgment is entered. *See* Faatalale Decl. ¶ 9.

As noted above, Ms. Hill never filed an opposition to the government's summary judgment motion. In fact, during this lawsuit, Ms. Hill has never made any substantive filing other than her answer (in letter form), in which she denies having taken out the loan, *see* Docket No. 7 (answer) (stating that "I have no recollection of any Student Loans that would be in my name on or before [April 15, 2002]"; adding that "I have not attended any type of educational program in over twenty three years, never having any type of a Student Loan in my name"), and in which she mentions that she had her identity stolen in June 1993. Ms. Hill's answer, however, does not include any evidence to support either claim.

## II. DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 56 provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The rule also provides that "[a] party asserting that a fact cannot be or is not genuinely disputed must support the assertion by [*e.g.*] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there

must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the nonmovant's favor. *See id.* at 255.

Where the plaintiff has the ultimate burden of proof, as here, it may prevail on a motion for summary judgment only if it affirmatively demonstrates that there is no genuine dispute as to every essential element of its claim. *See River City Mkts., Inc. v. Fleming Foods W., Inc.*, 960 F.2d 1458, 1462 (9th Cir. 1992).

B.  Prima Facie Case

> In an action to enforce a promissory note, the plaintiff must present evidence of: 1) the existence of the note; 2) the defendant's default, and 3) the amount due. "The burden then shifts to the defendant to prove that the amount due is not owing." For example, in *United States v. Freeman* [No. 01-1859, 2002 U.S. Dist. LEXIS 5094 (N.D. Cal. Mar. 25, 2002)], the court held that "[P]laintiff has made out a prima facie case through submission of the signed promissory notes and certificates of indebtedness from the Department of Education." Similarly, in *United States v. Chu* [No. 00-3450, 2001 U.S. Dist. LEXIS 18086 (N.D. Cal. Oct. 31, 2001)], the court held that "Plaintiff has established a prima facie case by presenting evidence of the existence of the notes, defendant's default and the amount due on the notes." In both *Freeman* and *Chu*, the court granted the plaintiff's motion for summary judgment because the defendant failed to identify specific evidencing rebutting plaintiff's prima facie case.

*United States v. Gray*, No. C-11-02988 SLM (JCS), 2012 U.S. Dist. LEXIS 65827, at *11-12 (N.D. Cal. May 10, 2012); *see also United States v. Chromy*, 437 Fed. Appx. 593, 593 (9th Cir. 2011) (concluding that "[t]he district court properly granted summary judgment in favor of the United States because the undisputed facts show that [defendant] obtained a student loan and then defaulted on it").

In the instant case, the government has laid out a prima facie case of each of the above elements. That is, it has submitted evidence that Ms. Hill signed the promissory note, that she defaulted on the note, and that she owes $6,920.60 as of April or May 2012, with interest accruing at a rate of 8% per annum. Because Ms. Hill failed to file an opposition to the government's motion,

1 these facts stand unrebutted.[1]  *See also Monet v. Chase Home Fin. LLC*, No. 10-CV-00135-LHK, 2011 U.S. Dist. LEXIS 94362, at *7 (N.D. Cal. Aug. 23, 2011) (noting that, "[i]the absence of an opposition, Rule 56 permits the Court to consider all facts raised by the moving party as undisputed for purposes of the summary judgment motion"). Accordingly, the Court concludes that the government is entitled to summary judgment.[2]

### III. CONCLUSION

For the foregoing reasons, the government's motion for summary judgment is granted. The Clerk of the Court is instructed to enter judgment in favor of the government as follows: $6,920.60 in principal plus $5,998.31 in interest as of March 14, 2013, and an additional $1.52 in interest[3] until the day that judgment is entered. The Clerk of the Court is further instructed to close the file in this case.

This order disposes of Docket No. 25.

IT IS SO ORDERED.

Dated: March 19, 2013

EDWARD M. CHEN
United States District Judge

---

[1] Because the facts are unrebutted, the Court need not address the merits of the government's contention that an identity theft defense must be raised during administrative proceedings and cannot be asserted during a collection action. *See, e.g.*, *United States v. Wright*, 87 F. Supp. 2d 464, 466 (D. Md. 2000) (noting that "[a]n individual who believes a loan was fraudulently signed or obtained in her name may seek discharge from the Secretary of Education but must follow the procedures outlined in the Code of Federal Regulations [34 C.F.R. § 685.213][;] [o]nly the Secretary, not this Court, has discretion to discharge the loan").

[2] The Court notes that it has roughly confirmed the amount of interest that should be due. At an annual rate of 8%, interest would amount to $553.65 per year (*i.e.*, $6,920.60 x 8%) or $46.14 per month. From May 14, 2002 -- the date that loan proceeds were disbursed -- until March 14, 2013 -- the date of the hearing, 130 months have passed. $46.14 x 130 = $5,998.20. Under the government's calculation, interest due as of March 14, 2013, would be $5,998.31.

[3] At an annual rate of 8%, interest would amount to $553.65 per year (*i.e.*, $6,920.60 x 8%) or $1.52 per day (*i.e.*, $553.65 ÷ 365 days).